

KSR

**FILED**
5/2/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:24-cr-00220
Judge Mary M. Rowland
Magistrate Judge Jeffrey T. Gilbert
RANDOM/CAT. 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, |
| | ) | Sections 371 and 1546 |
| PARTH NAYI, | ) | |
| KEWON YOUNG, | ) | |
| BHIKHABHAI PATEL, | ) | |
| NILESH PATEL, | ) | |
| RAVINABEN PATEL, and | ) | |
| RAJNIKUMAR PATEL | ) | |

## COUNT ONE

The SPECIAL JANUARY 2023 GRAND JURY charges:

At times material to this Indictment:

1.      Congress created the U nonimmigrant status ("U-Visa") with the passage of the Victims of Trafficking and Violence Protection Act (including the Battered Immigrant Women's Protection Act) in October 2000. The legislation was intended to strengthen the ability of law enforcement agencies to investigate and prosecute certain crimes while also protecting victims of crimes who are willing to help law enforcement authorities in the investigation or prosecution of the criminal activity.

2.      Foreign nationals were eligible for a U-Visa if they (1) were the victim of qualifying criminal activity that occurred in the United States or violated U.S. laws, (2) suffered substantial physical or mental abuse a result of having been a

1

victim of the criminal activity; (3) possessed information about the criminal activity, (4) were helpful or were likely to be helpful to law enforcement in the investigation or prosecution of the crime, and (5) were admissible to the United States. Qualifying criminal activities included, among other crimes, extortion, false imprisonment, unlawful criminal restraint, and felonious assault. Certain qualifying family members were also eligible for derivative U-Visa status based upon their relationship to the principal filing for the U-Visa.

3.      Qualifying crime victims could apply for U-Visa status by submitting a United States Citizenship and Immigration Services ("USCIS") Form I-918, Petition for U Nonimmigrant Status; a Form I-918, Supplement B, U Nonimmigrant Status Certification; and evidence to establish each eligibility requirement.

4.      The Form I-918 asked applicants if they were a victim of qualifying criminal activity, suffered substantial physical or mental abuse as a result of having been a victim of the criminal activity, and possessed information concerning the criminal activity. The Form I-918 further required applicants to attach a personal narrative statement describing the criminal activity, along with supporting documentation. The Form I-918 further required applicants to certify, under penalty of perjury, that all the information in their petition and any document submitted with it were complete, true, and correct.

2

5.     The Form I-918, Supplement B required the signature of an authorized official of a certifying law enforcement agency confirming that the individual was a victim of a qualifying crime and had been or would be helpful in the investigation or prosecution of any resulting case.

6.     Beginning no later than in or around July 2022 and continuing until at least January 2024, in the Northern District of Illinois and elsewhere,

PARTH NAYI.
KEWON YOUNG,
BHIKHABHAI PATEL,
NILESH PATEL,
RAVINABEN PATEL, and
RAJNIKUMAR PATEL

defendants herein, knowingly conspired with each other and others known and unknown to the grand jury (a) to obtain a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the Unites States, namely, a nonimmigrant U-Visa, which defendants knew to be procured by means of a false claim and statement and otherwise procured by fraud and unlawfully obtained, and (b) to knowingly make under oath and subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application, affidavit, and document required by the immigration laws and regulations prescribed thereunder, and which statement defendants then and there knew as false, in violation of Title 18, United States Code, Section 1546.

3

## MANNER AND MEANS OF THE CONSPIRACY

7.     It was part of the conspiracy that PARTH NAYI, KEWON YOUNG, and others known and unknown to the grand jury, organized, executed, and participated in staged armed robberies of stores across the United States, including in the Northern District of Illinois. The co-conspirators conducted these staged robberies so that the purported victims of the robberies could apply for U Visas.

8.     It was further part of the conspiracy that individuals seeking U Visas, including BHIKHABHAI PATEL, NILESH PATEL, RAVINABEN PATEL, and RAJNIKUMAR PATEL, contacted NAYI to be "victims" of staged robberies so that they could submit applications for U Visas. Individuals paid NAYI thousands of dollars to participate, and in exchange, NAYI directed those individuals to the location of a planned staged robbery on a particular day and time.

9.     It was further part of the conspiracy that NAYI and YOUNG recruited individuals to pose as robbers during the staged robberies and provided directions to those individuals.

10.     It was further part of the conspiracy that, during the staged robberies, individuals acting as robbers brandished what appeared to be firearms and approached individuals acting as victims, demanding money and property. At the direction of NAYI and YOUNG, the individuals acting as robbers, on certain occasions, struck purported victims to make the staged robbery appear real. The

4

individuals acting as robbers took items from the purported victims and fled the scene.

11.     It was further part of the conspiracy that NAYI shared some of the money he received from individuals seeking U Visas with those involved in conducting the staged robberies. NAYI paid YOUNG with cash, and YOUNG, in turn, paid the individuals acting as robbers.

12.     It was further part of the conspiracy that, following the staged robberies, certain of the purported victims submitted a Form I-918, Supplement B to local police departments and requested that those departments certify that the purported victim was a victim of a qualifying crime and had been or would be helpful in the investigation or prosecution of any resulting case.

13.     It was further part of the conspiracy that following the staged robberies, certain of the purported victims submitted a completed Form I-918 to USCIS predicated upon their alleged status as a victim of a staged robberies.

14.     It was further part of the conspiracy that NAYI, YOUNG, BHIKHABHAI PATEL, NILESH PATEL, RAVINABEN PATEL, and RAJNIKUMAR PATEL and others known and unknown to the Grand Jury hid, and caused to be hidden, acts taken in furtherance of the conspiracy.

15.     Among the manner and means by which NAYI, YOUNG, BHIKHABHAI PATEL, NILESH PATEL, RAVINABEN PATEL, and RAJNIKUMAR

PATEL, and others known and unknown to the Grand Jury carried out the conspiracy were the following:

      a.     Arranging for staged robberies to be conducted at certain pre-determined stores and food service locations;

      b.     Paying money to NAYI in exchange for him providing the opportunity to participate as purported victims in one of the staged robberies;

      c.     Collecting money from individuals in exchange for providing them the opportunity to participate as purported victims in one of the staged robberies;

      d.     Conducting and participating in staged robberies;

      e.     Hiring people to act as robbers for pay;

      f.     Falsely reporting armed robberies to police;

      g.     Submitting and causing to be submitted Forms I-918, Supplement B to law enforcement falsely claiming that the purported victim co-conspirators were victims of actual crimes and seeking that law enforcement officials certify that the purported victim co-conspirators were victims of a qualifying crime and had been or would be helpful in the investigation or prosecution;

      h.     Submitting and causing to be submitted Forms I-918 claiming that the purported victims were victims of actual crimes; and

      i.     Retaining and sharing the proceeds of these actions with individuals who helped stage the robberies.

6

<u>OVERT ACTS</u>

16.     From at least July 2022, to at least January 2024, NAYI, YOUNG, and others known and unknown to the grand jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.     On or about October 6, 2022, NAYI, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Fas Fuel in Lombard, Illinois.

b.     On or about December 6, 2022, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Subway restaurant in Chicago, Illinois.

c.     On or about December 17, 2022, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Subway restaurant in Elmwood Park, Illinois.

d.     On or about December 30, 2022, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Tropical Smoothie Cafe in St. Charles, Illinois.

e.     On or about January 10, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Dunkin' Donuts restaurant in Chicago, Illinois.

f.     On or about January 10, 2023, BHIKHABHAI PATEL traveled to a Dunkin Donuts restaurant in Chicago, Illinois.

7

g. On or about January 10, 2023, BHIKHABHAI PATEL falsely claimed to a law enforcement officer that he was the victim of a January 10, 2023 robbery.

h. On or about January 11, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a BP Gas Station in Hickory Hills, Illinois.

i. On or about January 12, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Dunkin' Donuts restaurant in Chicago, Illinois.

j. On or about January 12, 2023, NILESH PATEL traveled to a Dunkin Donuts restaurant in Chicago, Illinois.

k. On or about January 12, 2023, NILESH PATEL falsely claimed to a law enforcement officer that he was the victim of a January 12, 2023 robbery.

l. On or about January 12, 2023, RAVINABEN PATEL traveled to a Dunkin Donuts restaurant in Chicago, Illinois.

m. On or about January 12, 2023, RAVINABEN PATEL falsely claimed to a law enforcement officer that she was the victim of a January 12, 2023 robbery.

n. On or about January 25, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at Max's Food and Liquor in River Grove, Illinois.

o.     On or about January 26, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at Lake Villa Liquors in Lake Villa, Illinois.

p.     On or about February 8, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Dunkin' Donuts restaurant in South Holland, Illinois.

q.     On or about February 8, 2023, RAJNUKUMAR PATEL traveled to a Dunkin Donuts in South Holland, Illinois.

r.     On or about February 8, 2023, RAJNIKUMAR PATEL falsely claimed to a law enforcement officer that he was the victim of a February 8, 2023 robbery.

s.     On or about February 23, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Dunkin' Donuts restaurant in Chicago, Illinois.

t.     On or about February 28, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Dunkin' Donuts restaurant in Chicago, Illinois.

u.     On or about May 13, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at a Subway restaurant in Rayne, Louisiana.

v.     On or about May 30, 2023, NAYI and YOUNG, with co-

conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at Trolley Rock Truck Stop in Belvidere, Tennessee.

w.     On or about July 13, 2023, NAYI and YOUNG, with co-conspirators known and unknown to the Grand Jury, organized and executed a staged robbery at Bucktown Food & Liquor in Chicago, Illinois.

x.     On or about November 2, 2023, BHIKHABHAI PATEL executed an affidavit in support of an application for a U Visa falsely claiming that he was the victim of the January 10, 2023 robbery.

y.     On or about November 20, 2023, BHIKHABHAI PATEL caused to be submitted an application for a U-Visa.

z.     On or about July 31, 2023, NILESH PATEL executed an affidavit in support of an application for a U Visa falsely claiming that he was the victim of the January 12, 2023 robbery.

aa.     On or about October 4, 2023, NILESH PATEL caused to be submitted an application for U Visa.

bb.     On or about December 14, 2023, RAVINABEN PATEL executed an affidavit in support of an application for a U Visa falsely claiming that she was the victim of the January 12, 2023 robbery.

cc.     On or about December 19, 2023, RAVINABEN PATEL caused to be submitted an application for a U Visa.

dd.     On or about January 9, 2024, NAYI, with co-conspirators known

10

and unknown to the Grand Jury, organized and executed a staged robbery at a 711 store in Chicago, Illinois.

All in violation of Title 18, United States Code, Section 371.

## **COUNT TWO**

On or about December 19, 2023, in the Northern District of Illinois and elsewhere, defendant

RAVINABEN PATEL

knowingly made under oath and subscribed as true, as permitted under penalty of perjury under section 1746 of title 28, United States Code, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws or regulations prescribed thereunder, and knowingly presented an application, affidavit, and other document which contained a false statement with respect to a material fact.

In violation of Title 18, United States Code, Section 1546.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY